UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER D.,

    Plaintiff,

v.

ANDREW SAUL
Commissioner of
Social Security Administration,

    Defendant.

Case No. 2:18-cv-00275-JVB-JEM

**OPINION AND ORDER**

Plaintiff Christopher D. seeks judicial review of the Social Security Commissioner's decision denying his disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for supplemental security income under Title XVI. In his application, Plaintiff alleged that he became disabled on September 21, 2014. (R. at 11.) After a video hearing in 2017, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from the severe impairments of human immunodeficiency virus ("HIV"), depression, and psoriasis. (R. at 24.) Plaintiff's HIV was found to be meet Listing 14.11, and plaintiff was found to be disabled from September 21, 2014 through June 21, 2016. (*Id.*) Beginning June 22, 2016, the ALJ found that Plaintiff's HIV no longer met listing level severity. (R. at 16.) The ALJ also found that Plaintiff is no longer capable of performing past relevant work. (R. at 19.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 20.) Therefore,

the ALJ found him to be not disabled as of June 22, 2016. (*Id*.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed three reversible errors: the ALJ erred in weighing the opinion of the treating physician, the ALJ erred in weighing the opinion of the medical expert, and the ALJ failed to properly analyze Plaintiff's mental limitations.

**(1) Medical Opinions**

Plaintiff argues that the ALJ erred in weighing the opinion of his treating physician, Dr. Hamid Safavi. A treating physician's opinion is to be given controlling weight because of the length and nature of the relationship unless the ALJ provides good reasons for setting aside that opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016). When a treating physician's opinion is not entitled to controlling weight, an ALJ must weigh it using such factors such as: the examining relationship; the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. §§ 404.1527(c)(1)–(6).

Plaintiff asserts the ALJ failed to analyze the regulatory factors in weighing Dr. Safavi's 2017 opinion. In February 2017, Dr. Safavi completed an HIV Infection Medical Assessment Form. Dr. Safavi noted that he had been treating plaintiff every three months since September 2014. (R. at 455.) He noted Plaintiff's difficulties with anxiety, depression, and irritability. (*Id.*) He opined that Plaintiff had marked deficiencies in concentration, persistence, or pace. (R. at 458.) Dr. Safavi also opined that Plaintiff could only walk one block without rest or severe pain, could only stand for ten minutes at a time before sitting, and could stand/walk less than two hours total in an eight hour work day. (R. at 459.) Dr. Safavi then opined that Plaintiff would need to take ten unscheduled breaks a day, could rarely lift less than ten pounds, and could never

lift anything more than ten pounds. (R. at 460.) Finally, Dr. Safavi opined that Plaintiff would be absent more than four days a month. (*Id.*) As to Plaintiff's mental impairments, Dr. Safavi opined that Plaintiff would have noticeable difficulty for 20% of the work day in 7/10 tasks. (R. at 461.) Dr. Safavi opined that Plaintiff would not be able to perform the other 3/10 tasks on a regular, reliable, and sustained basis. These tasks included an ability to maintain attention and concentration for two straight hours a few times a day; to perform accurately and at a consistent pace; and to accept instructions and respond appropriately to criticism from supervisors. (*Id.*)

The ALJ gave Dr. Safavi's opinion very little weight, specifically with regards to his opinions about Plaintiff's fatigue, depression, and anxiety. (R. at 19.) The ALJ found that Dr. Safavi's treatment notes from the same month as his opinion showed that Plaintiff was negative for depression, anxiety, and fatigue. The ALJ also noted that there was very little record of any treatment for Plaintiff's anxiety and depression, "which indicates that the claimant does not have marked to extreme limitations from these impairments." (*Id.*)

The ALJ failed to analyze Dr. Safavi's treating relationship with Plaintiff or his specialty. Dr. Safavi specializes in infectious diseases and has been treating Plaintiff every three months since September 2014. (R. at 366, 455.) This indicates a long and ongoing treating relationship, which the ALJ fails to acknowledge. Furthermore, although the ALJ finds that treatment notes do not support Dr. Safavi's opinion, the ALJ mischaracterizes the evidence. While Plaintiff's depression was noted to be "well controlled" in February 2017, Dr. Safavi continued to note problems with memory loss, dizziness, and insomnia that could very likely effect Plaintiff's ability to maintain concentration, persistence, or pace. (R. at 424.) These symptoms were noted in previous treatment notes as well. (R. at 392, 401, 406, 417.) The ALJ offered no analysis as to these portions of Dr. Safavi's opinion. The few brief sentences of analysis that the ALJ provides

4

ignores that Dr. Safavi's treatment notes support his opinion that Plaintiff would be markedly limited in his ability to maintain concentration, persistence, or pace. The ALJ has failed to discuss the majority of the other regulatory factors. Further, the ALJ's decision mischaracterizes evidence by only discussing depression and anxiety while ignoring other symptoms which may affect concentration, persistence, or pace.

The ALJ also fails to discuss any of the physical limitations in the opinion or the treatment notes, thereby ignoring a large portion of Dr. Safavi's opinion regarding Plaintiff's functional limitations. The Commissioner attempts to support the ALJ's decision by saying the ALJ did not need to consider the physical portions of Dr. Safavi's opinion once Plaintiff's HIV improved and did not meet Listing levels. This argument is illogical. No physician or medical expert opined that the physical limitations disappeared when Plaintiff's viral load and CD4 cell count improved. The ALJ has failed to build a logical bridge explaining why Dr. Safavi's opinion regarding Plaintiff's physical limitations was given very little weight. The ALJ does not even discuss the physical limitations, nor does he make any attempt to analyze why those limitations deserve very little weight.

The ALJ's discussion of Dr. Safavi's 2017 opinion is unsupported. This requires remand. Without a proper discussion and analysis of the opinion and the medical evidence, the Court cannot conduct meaningful review.

**(2) Medical Expert**

Plaintiff asserts that the ALJ erred in affording great weigh to the opinion of the medical expert, Dr. Ashok Jilhewar, especially after affording Dr. Safavi's opinion very little weight. Dr. Jilhewar never examined Plaintiff, nor does he specialize in areas related to Plaintiff's severe

impairments. Dr. Jilhewar is a specialist in internal medicine and gastroenterology, not infectious disease. (R. at 315, 379.) The ALJ gave Dr. Jilhewar's opinion great weight, finding it "consistent with the claimant's testimony that he remains limited from his condition despite improvement in CD4 counts and viral loads." (R. at 18.) The ALJ, following the opinion of Dr. Jilhewar, found that Plaintiff would be limited to sedentary work with postural limitations "to account for symptoms from HIV and side effects from medications, including fatigue and weakness." (R. at 19.) This limited discussion gives no indication of what portions of Dr. Jilhewar's opinion were consistent with the medical evidence or Plaintiff's testimony. The ALJ fails to properly discuss Dr. Jilhewar's opinion, and as such, the Court cannot provide meaningful review. The ALJ does no more than state that Dr. Jilhewar's opinion is consistent with Plaintiff's testimony, and that Dr. Jilhewar "gave an extensive review" of the evidence. While this may be true, the ALJ has failed to discuss which portions of the evidence or Plaintiff's testimony are consistent with Dr. Jilhewar's opinion. The ALJ must provide a logical bridge from the evidence to his conclusion. He did not do so here, and in failing to properly analyze either the opinion of Dr. Safavi or the opinion of Dr. Jilhewar, the Court cannot determine whether either opinion was given proper weight.

### (3) Other Issues

Plaintiff also raises issues regarding his mental limitations. Because the ALJ failed to properly weigh the opinion of the treating physician and medical expert, remand is appropriate. Proper analysis of the opinions may alter the rest of the ALJ's decision. The Court remands this case due to a failure to properly analyze the opinions given by Dr. Safavi and Dr. Jilhewar.

**(E) Conclusion**

The ALJ erred in weighing the medical opinions of Dr. Safavi and Dr. Jilhewar. For these reasons, the court remands the case for further consideration.

SO ORDRERED on July 31, 2019.

                                                   s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN
                                                  UNITED STATES DISTRICT JUDGE